IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DIANE TAXDAHL,

                                                         OPINION and ORDER

                  Plaintiff,

                                               07-cv-413-bbc

         v.

LOIS HOFF and COUNTY OF
POLK,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

     This is a civil action for monetary relief, brought under 42 U.S.C. § 1983. Plaintiff Diane Taxdahl contends that defendants Lois Hoff and County of Polk retaliated against her because she exercised her First Amendment rights by running twice for the elected office of Polk County Clerk of Court. Jurisdiction is present. 28 U.S.C. § 1331.

     Now before the court is defendants' motion for summary judgment. I will deny the motion with respect to defendant Hoff because there are genuine issues of material fact regarding whether she retaliated against plaintiff for exercising her First Amendment rights. I will grant the motion with respect to defendant County of Polk because I find no basis for liability.

Before turning to the undisputed facts I note defendants' objection to the affidavit of Linda McIntyre, a former deputy clerk and former Deputy Director for the Circuit Court Automation Project.  Plaintiff wishes to use this affidavit as evidence of her claim against defendant Hoff.  Because I conclude that plaintiff defeats defendant Hoff's motion for summary judgment even without McIntyre's affidavit, it is unnecessary to decide whether the affidavit is admissible.

From the parties' proposed findings of fact, I find the following facts to be material and undisputed.

## UNDISPUTED FACTS

Since 2002, the Clerk of Court's office in Polk County, Wisconsin has consisted of the clerk, a chief deputy, seven deputy clerks and a financial assistant.  The seven deputy clerks work in the following divisions: traffic, criminal, family/civil, jury/paternity and juvenile.

In February 1995, defendant Lois Hoff and plaintiff Diane Taxdahl both began working in the Polk County Clerk of Court's office.  Defendant Hoff was hired as the Chief Deputy Clerk of Court, which is an administrative and supervisory position.  Plaintiff began as a deputy clerk.  The collective bargaining agreement between Polk County and the union applied to plaintiff.

2

In 2004, both defendant Hoff and plaintiff ran for the elected position of Polk County Clerk of Court.  They debated prior to the election, disseminated promotional materials and advertisements and expressed their opinions.  After defendant Hoff won the 2004 election, she appointed Terri Stone and then Diane Chapman as Chief Deputy Clerk of Court.

Defendant Hoff had the authority to discipline her employees after consulting with and obtaining direction from the human resources director pursuant to Polk County Policy 716.  Defendant Hoff's authority to discipline and terminate employees was also limited by the County's collective bargaining agreement with the union.  This agreement provides for progressive discipline and a grievance procedure to challenge disciplinary actions.

Plaintiff had not received any formal documented oral or written reprimands with respect to her job performance prior to March 2004 when she announced her candidacy for the Clerk of Court position.

After defendant Hoff became the Clerk of Court, she made changes in the office that affected plaintiff.  In February 2005 defendant Hoff moved plaintiff's desk to the back row with no explanation.  Plaintiff and Linda Hanson, the two traffic clerks, had previously been seated in the front of the office near the counter where the traffic files and materials were located.  Defendant Hoff then advised plaintiff that she could no longer visit the district attorney's office.  On March 7, 2005 defendant Hoff sent an email to Patti Liljeberg in the

3

Polk County Human Resources Department asking that plaintiff be transferred to the district attorney's office.

In May 2005, defendant Hoff reassigned plaintiff to the position of criminal clerk. Although plaintiff did not receive a pay raise or promotion, defendant Hoff assigned plaintiff additional work, including forfeiture cases in 2005, fingerprint cards in May 2006 and the criminal felony paperwork in June 2006. Defendant Hoff did not allow plaintiff to work overtime. Plaintiff did not file any grievance or complaints concerning her treatment by defendant Hoff during 2005.

Defendant Hoff closely monitored plaintiff's use of time. For example, on December 7, 2005, defendant Hoff emailed Polk County District Attorney Karen Olson asking why plaintiff had come to her office on December 2, 2005. Although other deputy clerks visited her office, Olson did not receive any inquiries about these visits from defendant Hoff. On February 23, 2006 defendant Hoff sent an e-mail to Andrea Jerrick, the Human Resources Director, requesting she send a county representative to verify that plaintiff was sick.

Although plaintiff had asked to take a vacation from March 3 to March 10, 2006, she did not have enough paid vacation to cover the entire week. Rather than ask to take the additional time as unpaid leave, she took the time off without authorization. After defendant Hoff talked with Jerrick, Hoff issued plaintiff a written warning on April 19, 2006 for taking unpaid leave without prior authorization. Defendant Hoff reduced the written

4

warning to an oral warning after meeting with plaintiff and her union representative.  The union filed a grievance on plaintiff's behalf, challenging the disciplinary action.  As a result of the grievance, the disciplinary action was removed from plaintiff's file.

In the spring of 2006 plaintiff announced that she was going to run again for Polk County Clerk of Court.  Plaintiff and defendant Hoff debated prior to the election and were interviewed by the newspaper.  Plaintiff's co-worker Linda Hanson supported plaintiff's candidacy.

Between 2005 and June 2006 in the course of her duties Hanson had noticed many errors made by deputy clerks Tracey Ritcey, Joan Ritten, plaintiff and Dorene Hendrickson, including errors in judgments of convictions. She also discovered errors by defendant Hoff. Late in 2005, Hanson notified defendant Hoff of a clerk's error.  Defendant Hoff told that Hanson she was "too picky" and to "mind your own business."  Hanson transferred from the clerk's office in June 2006 because she did not like the way defendant Hoff was treating her.

On June 20, 2006, plaintiff's attorney Peter Reinhardt sent a letter to Polk County's Corporation Counsel Mindy Dale advising her that defendant Hoff was engaging in an ongoing campaign of harassment and retaliation against plaintiff and Linda Hanson.  He received a response from Mindy Dale, stating that defendant Hoff had not retaliated against plaintiff and that there had been no violation of plaintiff's constitutional rights.

On July 18, 2006, defendant Hoff sent an email to Jean Bousquet of the Circuit

Court Automation Project asking for copies of both Linda Hanson's and plaintiff's emails and internet use.  On July 21, 2006, defendant Hoff sent a second email to Bousquet asking her to monitor plaintiff's internet usage.  Defendant Hoff did not request that Bousquet monitor any other employee's internet usage.

After defendant Hoff won reelection to the Clerk of Court position in November 2006, she told Kathy Harland, the bookkeeper in the office, that plaintiff needed to be moved from the office.  Defendant Hoff said to Jerrick, "I want her (Diane) fired, whatever it takes."  On November 9, 2006 defendant Hoff emailed Lori Meyer, the Clerk of Court for St. Croix County, and asked Meyer whether she could fire plaintiff without a lawsuit.

Defendant Hoff continued to monitor plaintiff's work activities.  On one occasion defendant Hoff asked Marlene Jacker, the juvenile deputy clerk, where plaintiff was.  Jacker told her that plaintiff was in the bathroom and defendant Hoff went to check whether this was true.  When plaintiff asked for time off for a funeral, defendant Hoff asked the other clerks whether the relative had really died.  Defendant Hoff made a log of plaintiff's trips away from the counter when she was the counter person.  She did not do this for any other deputy clerk.  On November 30, 2006 Chief Deputy Diane Chapman issued plaintiff a written warning for moving from the counter to her desk too many times and for responding in a loud and disrespectful manner when she was confronted by Chapman about her conduct.

Defendant Hoff continued to monitor plaintiff's sick time.  Sometimes defendant Hoff sent her husband to plaintiff's house to determine whether plaintiff was really sick. Defendant Hoff did not monitor the sick time or absences of the other deputy clerks.

Defendant Hoff met with Jerrick in November 2006 and inquired about moving plaintiff to another position.  In a December 29, 2006 email to Jerrick, defendant Hoff stated, "You didn't even consider my request when I asked in different meetings over the past month for [plaintiff] to be moved out of this office to another position."  Between January 5, 2007 and early February 2007, defendant Hoff and Chapman exchanged a number of emails with Jerrick regarding their request to have plaintiff transferred to another department.

Throughout the next four months, defendant Hoff took a number of disciplinary actions against plaintiff.  On December 22, 2006, defendant Hoff wrote plaintiff a reprimand for deficiencies in warrants she had processed since March 2006.  On January 2, 2007, defendant Hoff gave plaintiff this written reprimand and a "Notice of Job Performance Deficiencies and Expectations."   On February 19, 2007 defendant Hoff issued plaintiff a one-day suspension for failing to accurately enter 37 judgments of conviction after January 2, 2007.

Plaintiff met with Jerrick on March 23, 2007 concerning her job performance. Plaintiff became distraught and she left work early.  On March 26, 2007, defendant Hoff

7

issued plaintiff a three day suspension for continued unacceptable job performance.  On April 5, 2007, defendant Hoff summoned plaintiff to a meeting for the purpose of discussing a written reprimand issued by Hoff for her absence without notice on March 23, 2007. Jerrick, Malia Malone (Assistant Corporation Counsel), and Dave Peterson (plaintiff's union representative) were present at the meeting.  Because Malone believed that plaintiff was suicidal, she asked a sheriff's deputy to come to the Clerk of Court's office.  A sheriff's deputy spoke with plaintiff, who said she would not hurt herself.  The officer walked her down to the district attorney's office so someone could take her home.

In April 2007, plaintiff received approval for a leave of absence under the Family and Medical Leave Act.  When her 12 week leave expired on June 29, 2007, she requested an extension of this leave from the Public Protection & Judicial Committee.  Defendant Hoff recommended to the committee that plaintiff's request not be approved, stating it would result in "hardship" for her office.  The committee denied plaintiff's request for an extended unpaid leave of absence and terminated plaintiff's employment on July 11, 2007.  The union filed a grievance on plaintiff's behalf.

The union and defendant County of Polk executed a settlement agreement providing that plaintiff's medical leave of absence would be extended, that the county could post her position and that she could return to any open position after her release to work by her physician.  On December 10, 2007 plaintiff returned to work for Polk County as a

receptionist/typist II with the Human Services Department.

## OPINION

Plaintiff Diane Taxdahl contends that defendant Lois Hoff, in her individual capacity, and defendant County of Polk violated her First Amendment rights by retaliating against her after she ran twice for the elected office of Polk County Clerk of Court.  To prevail on her First Amendment retaliation claim, plaintiff must first show that (1) her speech was constitutionally protected; (2) she has suffered a deprivation likely to deter free speech; and (3) her speech was at least a motivating factor in the employer's action.  Massey v. Johnson, 457 F. 3d 711, 716 (7th Cir. 2006).  It is undisputed that plaintiff engaged in protected conduct when she ran for Polk County Clerk of Court.

Defendants argue that Hoff's conduct was too trivial to be actionable.  The Court of Appeals for the Seventh Circuit has held that harassment of a public employee violates the First Amendment, "unless the harassment is so trivial that a person of ordinary firmness would not be deterred from . . . expressing those beliefs."  Pieczynski v. Duffy, 875 F.2d 1331, 1333 (7th Cir. 1989).  I conclude that plaintiff satisfies this standard with respect to the alleged retaliation after both elections, though it is a close call with respect to defendant Hoff's first set of actions.

Soon after the first election, defendant Hoff moved plaintiff's desk from the front of

9

the office where the traffic files and her co-traffic clerk were located to the back of the office in February 2005 without an explanation. Defendant Hoff restricted plaintiff's access to the district attorney's office. In May 2005 defendant Hoff reassigned plaintiff from her traffic clerk position to a criminal clerk position and gave her more work than she had time to complete.

Defendant argues that defendant Hoff's actions did not deter plaintiff from announcing her candidacy for the 2006 election. The test is not whether plaintiff herself was deterred but whether the harassment was so trivial that a person of ordinary firmness would not be deterred from speaking or in this case for running for reelection. Id.

A campaign of petty harassment in response to political speech is a violation of the First Amendment. Bart v. Telford, 677 F. 2d 622, 625 (7th Cir. 1982). Although taken individually, defendant Hoff's actions after she won the election in 2004 may be too trivial to be actionable, viewed together they constitute a campaign of petty harassment. I find as a matter of law that this campaign of petty harassment was likely to deter a person of ordinary firmness.

Hoff's conduct toward plaintiff became increasingly adverse after the second campaign. Defendant Hoff issued plaintiff numerous disciplinary warnings, reprimands and even two suspensions. Hoff monitored plaintiff so closely that it approached the level of stalking. I find as a matter of law that defendant's conduct after plaintiff announced her

10

second candidacy for the Clerk of Court position was a deprivation likely to deter a person of ordinary firmness.

The next question is whether plaintiff's speech was a motivating factor in defendant's conduct. Her speech need not be the only factor in defendant's conduct but rather one factor. Massey, 457 F.3d at 711. Perhaps the most important fact supporting plaintiff's claim is the intensity of defendant Hoff's desire to have plaintiff terminated or transferred. Hoff said she wanted plaintiff "fired whatever it takes." She asked the Clerk of Court for St. Croix County whether she could fire plaintiff without a lawsuit. Defendant Hoff has no explanation for such hostile feelings toward plainitff. She is similarly unable to explain much of heightened scrutiny of plaintiff, such as monitoring of computer usage and sick leave. Although defendant Hoff never said directly to anyone that she wanted plaintiff removed from the office because of her candidacy, a reasonable jury could infer from Hoff's determined efforts to have her removed immediately after the 2006 election that plaintiff's running against her in the election was one factor that motivated her actions against plaintiff.

Further, the facts show defendant Hoff's hostility was directed at plaintiff in particular. Although defendant Hoff seemed to follow plaintiff's every move, she did not monitor other employees the same way. And while Hoff found fault with plaintiff's every mistake, she disregarded observations of the shortcomings of other employees as being "too

11

picky." Viewing the facts in the light most favorable to plaintiff, I find that a reasonable jury could find that plaintiff's candidacy was a motivating factor for defendant Hoff's conduct.

Thus, defendant Hoff can prevail on her motion for summary judgment only if she can show as a matter of law that she would have taken the same action even in the absence of the employee's protected speech.  Massey, 457 F.3d at 717. In Spiegla v. Hull, 371 F.3d 928, 945 (7th Cir. 2004), the court of appeals held that once plaintiff proves that an improper purpose was a motivating factor, the burden shifts to the defendant to prove by a preponderance of the evidence that she would have taken the same actions in the absence of plaintiff's protected conduct.  As noted above, defendant Hoff has not given any reasons for some of the action she took against plaintiff.

Although defendant Hoff suggests she had legitimate reasons for other actions, plaintiff has presented evidence calling these reasons into question.  Defendant Hoff says she transferred plaintiff to the criminal clerk position because of plaintiff's experience, but she had previously asked that plaintiff be moved or terminated from the Clerk of Court's office. Although defendant Hoff's reasons for disciplining plaintiff in 2007 may be legitimate because of plaintiff's poor job performance, they may also have been retaliatory.  Plaintiff was not disciplined by Hoff until April 2006 after she had run for the office of Clerk of Court and had announced her intention to run again in 2006. In addition, defendant Hoff has presented no evidence that other employees who had the same performance issues as

12

plaintiff were similarly disciplined.  Because factual issues remain concerning whether defendant Hoff retaliated against plaintiff for exercising her First Amendment rights, I will deny defendant Hoff's motion for summary judgment.

Turning to the liability of defendant County of Polk, plaintiff contends that defendant Polk County is liable because defendant Hoff had final policymaking authority for the county.  The Court of Appeals for the Seventh Circuit has held that there are three ways in which a municipality may be liable to a plaintiff for a civil rights violation: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority.  Vela v. Village of Sauk Village, 218 F. 3d 661, 665 (7th Cir. 2000).  Not every decision by municipal officers automatically subjects the municipality to liability.

In Pembaur v. City of Cincinnati, 475 U.S. 469, 481 (1986), the Court held that a municipality is not liable because an official acted on its behalf, the official must possess "final authority to establish municipal policy with respect to the [challenged] action."  In Pembaur the Court found that a County Sheriff was not the policymaker because although he had the discretion to hire and fire employees he was not the county official responsible for establishing county employment policy.

13

Although defendant Hoff had the authority to hire, fire and discipline her employees, her authority was limited by county policy requiring she consult with and obtain direction from the human resources director before issuing discipline.  Further, her authority was also limited by the county's collective bargaining agreement with the union.  This agreement provided for progressive discipline and a grievance procedure.   In fact, the April 19, 2006 written reprimand Hoff issued plaintiff was removed from her file because plaintiff filed a grievance.  I find that defendant did not have final policymaking authority for disciplining her employees.

In the alternative, plaintiff argues that the county is liable because of a widespread practice so permanent and well-settled as to constitute custom or usage with the force of law. Plaintiff argues that defendant Polk County knew of defendant Hoff's conduct after receiving a letter from attorney Reinhardt dated June 20, 2006 and did nothing.  Defendant County of Polk's inaction after June 2006 does not constitute a widespread practice of retaliation for exercising First Amendment rights.  There is no basis for liability of defendant County of Polk, and I will grant its motion for summary judgment.

Next, I address defendant Hoff's claim that she is entitled to qualified immunity. Government officials performing discretionary functions are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights.  Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  To obtain qualified

14

immunity the official's conduct must be objectively reasonable as measured by reference to clearly established law.  <u>Davis v. Scherer</u>, 468 U.S. 183 (1984).  The law in this circuit is well established that a campaign of petty harassment in response to political speech is a violation of the First Amendment.  <u>Bart,</u> 677 F. 2d at 625.  If plaintiff proves at trial that defendant retaliated against her because of her protected speech, defendant Hoff will  not be entitled to qualified immunity.

Defendant Hoff seeks to dismiss the punitive damages claim against her because it was not specifically pleaded or asserted.  However, a review of the amended complaint shows that the claim was asserted.  Defendant Hoff has not produced any evidence tending to show that plaintiff could not prove that defendant Hoff's conduct was motivated by evil intent or callous indifference to her federally protected rights.  <u>Stachniak v. Hayes</u>, 989 F. 2d 914, 928 (7th Cir. 1993).  Therefore, defendant Hoff's motion for summary judgment on this claim will be denied.


ORDER

IT IS ORDERED that the motion for summary judgment filed by defendants County of Polk and defendant Hoff  is GRANTED with respect to plaintiff Diane Taxdahl's claim against defendant County of Polk and DENIED with respect to plaintiff's claim against

15

defendant Hoff.

Entered this 10th day of March, 2008.

BY THE COURT:

_____/s/_____
BARBARA B. CRABB
District Judge

16